UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re: | CASE NO.: 24-14482(PDR) |
| Roi Neeman, | CHAPTER 7 |
| Debtor | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Jessica Piafsky ("Creditor" or "Piafsky"), by and through her undersigned counsel, and pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. Rule 4001, files this Motion for Relief from the Automatic Stay and states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This is a core proceeding pursuant to§ 157(b)(2)(G).

2. Creditor is the plaintiff in a civil against the debtor entitled "Jessica Piafsky v. MB Home Improvements Inc. Maxim Bohadana, Roi Neeman, and Construction Fort Lauderdale Inc. D/b/a MB Home Improvements", that was filed on March 8, 2024 and is currently pending in the United States District Court for the Southern District of Florida, Case No. 24-CV-60382 (the "District Court Action")

3. At the core of the allegations in the District Court Action are two entities doing business under the name "MB Home Improvements" and their respective owners. One defendant, Debtor was the sole owner and officer of Construction Fort Lauderdale, Inc. ("CFL"), a corporation that was doing business under the name "MB Home Improvements" and offering home construction services. Another defendant, Maxim Bohadana ("Bohadana") is the sole owner of the entity "MB Home Improvements, Inc." ("MBHI"). MBHI is owned and operated by defendant Maxim Bohadana ("Bohadana") and operates under Bohadana's licenses as a Certified Roofing Contractor

and Certified Building Contractor.

4. The complaint in the District Court Action alleges that Bohadana "rented" out his contractor's license to third parties such as Debtor. Debtor then advertised construction work under Bohadana's license, entered into contracts under MBHI's name, and performed construction work, all without Bohadana's oversight.

5. Plaintiff entered into a contract (provided by Debtor) with an entity that called itself "MB Home Improvements" to perform extensive renovations at her premises at 3272 SW 51st Street, Hollywood, Florida (Premises). Unfortunately, after months having gone by, and after having paid almost 88% of the total contract price, less than ten percent of the contract was performed. The contractor missed multiple deadlines and, for all intents and purposes, stopped dedicating time to the project. Plaintiff was forced to terminate "MB Home Improvements" and hire a new contractor.

6. After terminating "MB Home Improvements" it came to light that the work done to the Premises was done by Debtor and his company CFL, while doing business under the name "MB Home Improvements" without any oversight by a licensed contractor. This scheme was disguised by the Debtor and Bohadana using the similar name "MB Home Improvements" in their business transaction.

7. It was also discovered that much of the work done to the Premises was faulty, and there was extensive damage done to the Premises.

8. Debtor commenced the instant action for voluntary Chapter 7 bankruptcy on May 7, 2024, [D.E. 1] and on the same day Debtor filed a Suggestion of Bankrutpcy with the District Court. The District Court subsequently stayed the District Court Action against Mr. Neeman.

9. On September 30, 2024, Creditor Piafsky filed a Notice of Claim in the matter in the

amount of $630,825.00 for damages done to Ms. Piafsky's real property, and for statutory damages due to Debtor's unlicensed contracting work. On that same date, Creditor filed an Adversary Proceeding in the instant bankruptcy proceeding, case no. 24-01396. [D.E. 32] objecting to the dischargability of the Creditor's claims and seeking a determination of the merits of the claims against Debtor. Bohadana and MBHI are not parties to the Adversary Proceeding.

10. On January 14, 2025, Debtor, appearing *pro se*, filed and answer to the complaint in the Adversary Proceeding and, notwithstanding the Bankruptcy Stay, on January 21, 2025, he also filed an answer to the Complaint in the District Court Action.

11. At a hearing held on February 14, 2025 in the Adversary Proceeding, the Court expressed it concern that trying the merits of the claims against Mr. Neeman in the Adversary Proceeding may result in inconsistent judgments against the remaining parties in the District Court Case.

12. Additionally, MB Home Improvements, Inc. and Maxim Bohadana have indicated that they intend to move the District Court to stay that District Court action pending the outcome of the Adversary Proceeding in this matter. However neither MB Home Improvements, Inc. nor Maxim Bohadana are parties to the Adversary Proceeding.

13. Therefore, taking into consideration the Court's concerns of inconsistent judgments, Debtor's attempt to defend the action in the District Court, as well as MBHI and Bohadana's attempts to stay the litigation in the District Court, Creditor submits that the Court should grant her relief from the Automatic Stay, allowing her to pursue the District Court Action against Neeman, and upon such order the Creditor will limit the Adversary Proceeding to the determination of Debtor's eligibility for dischage and the dischargability of Creditor's claim against Debtor, leaving

the issues of Debtor's liability and quanta of the liability to the District Court.

14. Discovery is ongoing in the District Court Action, and Debtor should not be prejudiced by participating in the District Court Action.

WHEREFORE, Creditor respectfully requests that the Court grant Creditor relief from the Automatic Stay, and allow her to pursue the District Court Action against Neeman regarding her claim, and for such other and further relief that this Court deems necessary and appropriate.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: March 12, 2025

          Respectfully submitted,
          **BERENTHAL & ASSOCIATES, P.A.**
By:    /David W. Berenthal/
          David W. Berenthal
          Attorneys for Creditor Jessica Piafsky
          Florida Bar No. 159220
          E-mail: dwb@berenthalaw.com
          255 Alhambra Circle, Suite 1150
          Coral Gables, FL 33134
          Telephone: (212) 302-9494

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of the District Court for the Bankruptcy Court using the CM/ECF system which will serve notice of the filing on the following:

    Office of the US Trustee (USTPRegion21.MM.ECF@usdoj.gov)

    Leslie S Osborne (osbornetrustee@kennethrappaportlawoffice.com, lo@trustesolutions.net)

and that a copy of the foregoing was served on Roi Neeman (*pro se*) by mailing the same to:

    Roi Neeman
    4814 SW 34th Terrace
    Fort Lauderdale, FL 33312

                                  By:    /David W. Berenthal/