**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:

NEEMAN, ROI,

      Debtor.

_____/

LESLIE S. OSBORNE, Trustee,

      Plaintiff.

v.

KAREN NEEMAN,

      Defendant.

_____/

Case No.: 24-14482-PDR
Chapter 7

Adv Case No.:

**COMPLAINT TO RECOVER FRAUDULENT TRANSFERS**

**COMES NOW**, the Plaintiff/Trustee, Les S. Osborne ("Osborne"), by and through the undersigned counsel, and hereby files this Complaint to Recover Fraudulent Transfers against Defendant, Karen Neeman ("Defendant"), pursuant to 11 U.S.C § 548, 549 and Chapter 726 of the Florida Statutes, and would state as follows:

**PARTIES**

1.     The Plaintiff, Les S. Osborne, is the duly appointed Chapter 7 Trustee for the Estate of Roi Neeman.

2.     Defendant, Karen Neeman, is the wife of the Debtor and an insider as defined by 11 U.S.C. § 101.

**JURISDICTION AND VENUE**

3.      This is an action to recover fraudulent transfers pursuant to 11 U.S.C § 548 and Chapter 726 of the Florida Statutes against Defendant.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.      This Complaint constitutes a core proceeding.

**FACTUAL ALLEGATIONS**

6.      The Debtor filed a voluntary petition under Chapter 7 of the bankruptcy code on May 7, 2024.

7.      Les Osborne is the duly appointed and acting Trustee in the above-styled bankruptcy case.

8.      The Debtor's bankruptcy schedules stated that the Debtor had a 100% ownership interest in a company called R and K Neeman Corp, as well as a company called Construction Fort Lauderdale Inc. The Statement of Financial Affairs ("SOFA") likewise listed these two businesses as the Debtor's only businesses.

9.      The Debtor's 2004 examination was taken on September 12, 2024.  At that time, additional business entities were identified, including a company called Tye dye Forever ("Tye") and M. B. Home Improvements (Although this one may be purely a fictious name).

10.      At all times hereto, the Debtor was the sole director, officer and shareholder of Construction Fort Lauderdale, Inc ("CFL").

11.       Debtor has exclusive control over CFL's activities. CFL does not maintain corporate books and does not keep a record of corporate meetings or resolutions.  Debtor freely uses the accounts of CFL to pay personal bills and expenses as well as transferring money to the Defendant as well as other insiders of the Debtor.

12.     CFL is the alter ego for Debtor and all activities attributed to CFL, including all assets and liabilities, are directly attributable to Debtor.

13.     At all times hereto, the Debtor was the sole director, officer and shareholder of R and K Neeman Corp ("R&K").

14.     Debtor has exclusive control over R & K. R&K does not maintain corporate books and does not keep a record of corporate meetings or resolutions.  Debtor  freely uses the accounts of R&K to pay personal bills and expenses as well as transferring money to the Defendant as well as other insiders of the Debtor.

15.     R&K is the alter ego for Debtor and all activities attributed to R&K, including all assets and liabilities, are directly attributable to Debtor.

16.     At all times hereto, the Debtor was one of three owners of Tye, along with defendant and a third party.

17.     Upon information and belief, Debtor has exclusive control over Tye. Tye does not maintain corporate books and does not keep a record of corporate meetings or resolutions.  Debtor freely uses the accounts of Tye to pay personal bills and expenses as well as transferring money to the Defendant as well as other insiders of the Debtor.

18.     At the Debtor's deposition on September 12, 2024, the Debtor failed to produce all records requested and required by the Trustee and creditor.

19.     Despite repeated attempts subsequent to the deposition, the Debtor still has failed to produce the vast majority of the records sought by the Trustee and the creditor.

20.     Based upon the records that have been produced, however, the Trustee has determined substantial transfers were made by the Debtor, individually and through his alter ego business entities to the Defendant.

### COUNT I – 11 U.S.C. § 548 and Chapter 726 of the Florida Statutes

21.     The Trustee adopts and incorporates the general allegations in Paragraphs 1-16 and further alleges:

22.     This is an action to recover pre-petition, fraudulent transfers pursuant to 11 U.S.C. § 548, and Chapter 726 of the Florida. Statutes

23.     The Debtor, with the actual intent to hinder delay or defraud creditors, has transferred substantial funds to his wife, Defendant, Karen Neeman, pre-petition.

24.     The transfers include paying the mortgage on the Defendant's real estate, making substantial transfers to the Defendant on a monthly basis of cash, transferring funds that belong to the businesses/Debtor directly to the Defendant and diverting to the  Defendant payment on Debtor's customer contracts.

25.     For example, in April of 2024, $22,000 was transferred directly into an account in the name of  Defendant at Bank of America, at the direction of the Debtor, from one of the Debtor's, customers, David Lasko.

26.     An additional small transfer was made that month from R&K directly to the Defendant.

27.     Defendant does not work for either company.  No valid rationale for the transfers has been given.

28.     The Defendant's May bank statement shows additional transfers from David Lasko, pre-petition, of at least $21,000.  In addition, $14,500 was transferred directly from the Debtor at that time to Defendant.

29.     On or about February 15, 2022, the Debtor received the sum of $131,812 for a settlement.  These funds, which belong to the Debtor, were deposited into a joint account, and then

$122,000 was transferred on March 21 2022, to an account believed to be solely in the name of Defendant.

30.     The Debtor failed to provide any explanation for the transfer and claimed he could not remember why the money was paid or who the money was transferred to. Debtor has also failed to provide any supporting documentation as to the source or disposition of those funds.

31.     On information and belief, there are numerous additional transfers that were made from the Debtor to the Defendant which are recoverable for the benefit of creditors. Trustee reserves the right to amend the complaint to add additional transfers as they are discovered.

32.     As stated above, the Debtor made these transfers with the actual intent to hinder delay or defraud creditors. This is further evidenced by his pattern of behavior of routinely using his businesses to transfer funds back and forth between not only the Defendant but insider family members.

33.     Alternatively, the transfers were made for less than a reasonably equivalent value at a time when the Debtor was insolvent.

34.     All of the transfers to the Defendant/Debtor's wife within the four years immediately preceding the filing of bankruptcy case constitute fraudulent transfers subject to recovery by the Trustee.

## COUNT II - 11 U.S.C. § 549

35.     The Trustee adopts and incorporates the general allegations above and further alleges:

36.      This is an action to recover post-petition transfers pursuant to 11 U.S.C. § 549.

37.     Post-Petition, the Debtor continued to use his business entities to shield monies from his creditors and to transfer funds to the Defendant.

38.     Between the date of filing of the bankruptcy on May 7, 2024 and May 10, 2024, an additional almost $15,000 was transferred from David Lasko directly to Defendant.

39.     Based upon the Debtor's failure to produce books and records, the Trustee believes additional transfers we made to Defendant; however, said transfers cannot be explicitly listed here. Trustee reserves the right to amend this complaint to add additional transfers as discovery progresses.

40.     The transfers made by the Debtor were made post-petition using estate assets which were not authorized by the Trustee or the court and constitute avoidable transfers pursuant to 11 U.S.C. § 549.

WHEREFORE Trustee/Plaintiff, Les Osborne, hereby requests this court enter an order granting him a judgment against Defendant, Karen Neeman, for damages for pre-petition and post-petition fraudulent transfers and for any other relief the court deems just and equitable.

Dated:  <u>March 31, 2026</u>

Leslie S. Osborne, CHAPTER 7 TRUSTEE
Rappaport Osborne & Rappaport, PLLC
1300 N. Federal Hwy #203
Boca Raton, FL 33432
Telephone:     (561) 368-2200
Email: osborneTrustee@rorlawfirm.com,
office@rorlawfirm.

By:  ____/s/_____
       Leslie S. Osborne
       Florida Bar No. 0823139

**SERVICE LIST:**

- David W Berenthal     ECF@berenthalaw.com, dberenthal@recap.email
- Teresa M Hair     teresa.hair@brockandscott.com, WBECF@brockandscott.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

- Leslie S Osborne    osbornetrustee@kennethrappaportlawoffice.com, lo@trustesolutions.net
- Jordan L Rappaport    office@rorlawfirm.com, 1678370420@filings.docketbird.com

**Manual Notice List**

Roi Neeman
4814 SW 34th  Terrace
Ft. Lauderdale, FL 33312

Karen Neeman
4814 SW 34th Terrace
Ft. Lauderdale, FL  33312